**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 27 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GLENDALE & 27TH INVESTMENTS, LLC, an Arizona limited liability company,<br><br>　　　　　Plaintiff - Appellee,<br><br>　v.<br><br>DELOS INSURANCE COMPANY,<br><br>　　　　　Defendant - Appellant. | No. 13-16063<br><br>D.C. No. 2:10-cv-00673-SRB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Argued and Submitted July 9, 2015
San Francisco, California

Before: GILMAN,[**] GRABER, and WATFORD, Circuit Judges.

In August 2008, a storm hit Phoenix and damaged a number of properties, including the Sterling International Hotel (the Property). Glendale & 27th Investments, LLC (Glendale), the owner of the Property, immediately filed a claim

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]　　The Honorable Ronald Lee Gilman, Senior Circuit Judge for the United States Court of Appeals for the Sixth Circuit, sitting by designation.

with its property insurance carrier, Delos Insurance Co. (Delos). Delos sent out several adjusters to inspect the damage over the next few weeks.

The parties' relationship rapidly deteriorated. Both sides retained counsel, and serious disagreements arose regarding which structures on the Property were covered by the insurance policy and how much of the damage was caused by the storm. Delos's final offer to settle the claim was $50,000, which Glendale rejected.

Almost a year and a half after the storm, Glendale sued Delos and several other defendants. The matter went to trial in January 2013. All defendants other than Delos settled with Glendale after the close of the evidence. Delos moved for judgment as a matter of law, which the district court denied.

The jury returned a verdict against Delos for $144,383 in compensatory damages and $500,000 in punitive damages. In this timely appeal, Delos limits its arguments to the issue of punitive damages.

We review de novo the district court's denial of a motion for judgment as a matter of law. *Hangarter v. Provident Life & Accident Ins. Co.,* 373 F.3d 998, 1005 (9th Cir. 2004). A renewed motion for judgment as a matter of law is properly granted only "if the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is

contrary to the jury's verdict." *Pavao v. Pagay*, 307 F.3d 915, 918 (9th Cir. 2002). "A jury's verdict must be upheld if it is supported by substantial evidence, which is evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion." *Id.*

Delos offers two arguments on appeal: (1) there was insufficient evidence to demonstrate that it had the "evil mind" necessary to impose punitive damages, such that the question should not have been submitted to the jury; and (2) even if a consideration of punitive damages was appropriate, the amount awarded by the jury was unconstitutionally excessive. Neither argument is availing.

Glendale presented evidence that Delos made intentional and material misrepresentations in the administration of Glendale's claim. When one adjuster acknowledged that the storm had caused substantial damage and that extensive repairs would be required, Delos sent in someone who concluded that the covered damage was much less extensive. It then refused to provide Glendale with copies of the annual reports prepared before the storm, which revealed that the property was in a good, well-maintained condition just three months before the storm. Delos also claimed to have conducted inspections that were simply never done, and it misrepresented the contents of reports that it received from inspections that were completed.

3

Although all of this could be interpreted as ordinary but questionable insurance practices, reasonable minds could rely on these examples, among others, to conclude that Delos "consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to others." *See Rawlings v. Apodaca*, 726 P.2d 565, 578 (Ariz. 1986). We therefore conclude that the district court did not err in sending the question of punitive damages to the jury.

Nor did the jury award an unconstitutionally excessive amount of punitive damages. The Supreme Court has recognized that "[s]ingle-digit multipliers are more likely to comport with due process, while still achieving the State's goals of deterrence and retribution," than are awards ranging into the double- and triple-digit ratios. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003). The ratio of punitive to compensatory damages in this case was roughly 3.5 to 1. Both the Supreme Court and this court have repeatedly held that ratios such as these are constitutionally permissible. *See, e.g.*, *Planned Parenthood of Columbia/Willamette Inc. v. Am. Coal. of Life Activists*, 422 F.3d 949, 962 (9th Cir. 2005) ("In cases where there are significant economic damages and punitive damages are warranted but behavior is not particularly egregious, a ratio of up to 4 to 1 serves as a good proxy for the limits of constitutionality." (citing

4

*State Farm*, 538 U.S. at 425)).  Delos has not demonstrated any compelling reason for us to deviate from that conclusion in the present case.

**AFFIRMED**.